<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| ABDIEL F. AVILA, | : | Civil Action No.: 08-3699(NLH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Abdiel F. Avila, <u>Pro</u> <u>Se</u>
#175896
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

David D. Bender
Office of the NJ Atty General
25 Market Street, P.O. Box 112
Trenton, NJ 08625-0112
Attorney for Defendant State of New Jersey

**HILLMAN**, District Judge

Plaintiff, Abdiel F. Avila, is currently confined at the
Camden County Correctional Facility, Camden, New Jersey.
Plaintiff seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u>, alleging
violations of his constitutional rights.

At this time, the Court must review the complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it
should be dismissed as frivolous or malicious, for failure to
state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue the State of New Jersey and Rawle & Henderson, LLP, a law firm, under 42 U.S.C. §§ 1983, 1985, and 1986. (Complt., ¶ 1).  In his Statement of Claims, Plaintiff alleges that the State of New Jersey "has had a blatant disregard of this defendant['s] 'rights' before criminal actions which due to perjury, malice, . . ., fraud but not limited to [sic] has exposed me to several injuries."  Plaintiff further alleges that defendant Rawle & Henderson LLP, which he notes is a private attorney firm, "by the use of a malfeasant agent who was in cahoots with State interest" has "severely and economically injured plaintiff."  (Complt., ¶ 6).  Plaintiff noted that he wished to rely on the attachments to his complaint, which consist mostly of letters and motions filed in his pending criminal action.

Plaintiff asks for a number of forms of relief, including release from confinement, monetary relief, and injunctive relief. (Complt., ¶ 7).

Currently three motions remain pending in this matter.  A motion by the Plaintiff to request joinder of claims and parties (docket entry 14), a motion by defendant State of New Jersey to

2

dismiss (docket entry 16), and a motion by Plaintiff to enter supplemental pleadings (docket entry 17).  Plaintiff has responded to the defendant's motion to dismiss (docket entry 18).

## DISCUSSION

### A.   Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can

be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

4

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the laws or
Constitution of the United States and, second, that the alleged
deprivation was committed or caused by a person acting under
color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988);
Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

1.   Plaintiff's Claims are Barred by *Younger*.

First, Plaintiff's claims regarding ongoing state criminal
proceedings are essentially a matter of state law procedure.  It
is not generally the role of the federal courts to interfere in
pending state judicial proceedings.  A federal court must abstain
from addressing requests for injunctive relief against state
court proceedings so long as the constitutional issues involved

may be addressed adequately in the course of the state
proceedings.  See Younger v. Harris, 401 U.S. 37 (1971)
(addressing abstention from state criminal proceedings).  The
United States Court of Appeals for the Third Circuit has
enunciated three requirements that must be met before Younger
abstention may be invoked:

> (1) there are ongoing state proceedings that are
> judicial in nature; (2) the state proceedings implicate
> important state interests; and (3) the state
> proceedings afford an adequate opportunity to raise
> federal claims.  Whenever all three of these
> requirements are satisfied, abstention is appropriate
> absent a showing of bad faith prosecution, harassment,
> or a patently unconstitutional rule that will cause
> irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York
and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)
(citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, if state proceedings implicating
important state interests are ongoing, Plaintiff has the
opportunity to raise his instant claims in those proceedings.
Thus, Plaintiff must present his complaints about his criminal
proceedings to the court in which his action is pending.
Therefore, Plaintiff's claims are subject to dismissal pursuant
to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to
state a claim upon which relief may be granted.

2.    Plaintiff's Claims Regarding his Underlying Criminal Case and his Request for Release are Barred by *Preiser.*

In a series of cases beginning with Preiser v.Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In this case, to the extent that Plaintiff asserts that his criminal trial is proceeding in an unconstitutional manner, and asks for the charges to be vacated, Plaintiff challenges the fact of his physical imprisonment.  Therefore, in accordance with Preiser, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

3.    The State of New Jersey is Immune from Suit.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

7

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Section 1915(e)(2)(B)(iii) requires this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."  Therefore, for the foregoing reasons, any claims against the State of New Jersey must be dismissed, with prejudice.

    4.   Private Law Firm is not a State Actor Subject to Suit.

Here, Plaintiff seeks to sue a private law firm for violations of his constitutional rights.  However, Plaintiff pleads no facts to suggest that the firm, or its attorneys, were state actors.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981); see also Steward v. Meeker,

8

459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Therefore, Plaintiff's complaint against this defendant must be dismissed.[1]

---

[1]  Plaintiff does not state which clause of § 1985 he relies upon.  It appears from the allegations of the complaint that he is attempting to assert a claim under the last clause of subsection (b), which provides, in pertinent part, "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ... [an action for damages will lie]."  Section 1986 is a corollary to § 1985 which authorizes a suit for conspiracy to interfere with civil rights.  Compare 42 U.S.C. § 1985 (authorizing claim for conspiracy to deprive individual of constitutional rights); § 1986 (authorizing action for knowingly neglecting to prevent conspiracy in violation of § 1985).  Because success on any of these race discrimination claims would necessarily invalidate Plaintiff's conviction, they are premature until such time as Plaintiff's conviction has otherwise been invalidated, and they must be dismissed.  Furthermore, even under the liberal pleading standards afforded to pro se plaintiffs Plaintiff fails to allege a cause of action.  See, e.g., Cook v. City of Philadelphia, 179 Fed. Appx. 855, 859 (3d Cir. 2006)(unpubl.)(finding that plaintiff's §§ 1985 and 1986 claims were barred by Heck).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed as to all defendants.  Defendant's motion to dismiss is granted.  Plaintiff's pending motions are dismissed as moot.  An appropriate order follows.

 s/Noel L.  Hillman
NOEL L. HILLMAN
United States District Judge

Dated: January 28, 2009

At Camden, New Jersey